## Bryn Mawr Trust Co., Admr., Appellant, *v.* Baldt et ux. (No. 1).

*Appeals—Assignments of error—Quoting record—Practice, Supreme Court—Quashing appeal.*

Assignments of error to the action of the court below in granting a motion for judgment n. o. v., in not dismissing the same, and in entering judgment for defendant without setting forth the order, are not in accordance with the rules, and will not be considered.

An assignment of error merely quoting a portion of the opinion of the court below, in passing upon defendant's motion for judgment, without disclosing the order made by the court, does not comply with the rules, and will not be considered.

Argued January 6, 1920. Appeal, No. 21, Jan. T., 1920, by plaintiff, from judgment of C. P. No. 1, Phila. Co., March T., 1917, No. 4312, for defendant n. o. v., in case of Bryn Mawr Trust Co., Administrator d. b. n. c. t. a. of the estate of David M. Hess, deceased, in succession to Alice Hess et al., Executors of David M. Hess, deceased, v. Frederick Baldt and Lulu Jackson Baldt, his wife, mortgagors, and the said Lulu Jackson Baldt, real owner. Before Brown, C. J., Moschzisker, Frazer, Walling, Simpson and Kephart, JJ. Appeal quashed.

Scire facias sur mortgage. Before Patterson, J.

At the trial the jury returned a verdict for plaintiff for $5,166.50. The court subsequently entered judgment for defendant n. o. v. Plaintiff appealed.

*Errors assigned* were in the following form:

1. The court below erred in granting defendant's motion for judgment n. o. v.

2. The court below erred in not dismissing defendant's motion for judgment n. o. v.

3. The court below erred in finding in its opinion for motion for judgment n. o. v. as follows: (quoting portion of opinion).

4. The court below erred in entering judgment for defendant.

*Daniel C. Donoghue,* with him *Anthony A. Hirst,* for appellant.

*George J. Edwards, Jr.,* with him *John H. Maurer,* for appellee.

PER CURIAM, March 8, 1920:

The first, second and fourth assignments of error are not in accordance with our rules, as they fail to set forth the order of which they complain. The third is to a portion of the opinion of the court below in passing upon defendants' motion for judgment, but the order of the court on that motion is not disclosed by the assignment. As no one of the assignments disclosed anything to be reviewed, the appeal must be quashed, and it is so ordered.

Appeal quashed.

NOTE BY REPORTER.—This appeal was subsequently reinstated, when new assignments of error were filed. *Vide* next case.